**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lisa Randall, et al., <br><br>  Plaintiffs, <br><br> v. <br><br> Maricopa County, et al., <br><br>  Defendants. | CV 12-1076-PHX-PGR <br><br> **ORDER** |

Before the Court is Plaintiffs' Motion for Remand. (Doc. 16.) Defendants, who removed the case from Maricopa County Superior Court (Doc. 1), oppose remand. The motion is fully briefed. (Docs. 18, 19.) For the reasons that follow, the Court will grant the motion.

**Background**

In 2007, Plaintiff Lisa Randall was charged by a grand jury and arrested for allegedly murdering a child in her care. In 2010, the charges were dismissed with prejudice. On January 13, 2011, Ms. Randall, her daughter, and her ex-husband ("Plaintiffs") filed a Notice of Claim in the Maricopa County Superior Court, which stated that "[Plaintiffs] have causes of action for negligence, violation of 42 U.S.C. § 1983, wrongful arrest, abuse of process, malicious prosecution, defamation and slander, gross negligence, negligent misrepresentation, intentional infliction of emotional distress, and negligent infliction of emotional distress." (Doc. 16, Ex. A.)

Plaintiffs filed their original complaint on July 18, 2011, and a first amended complaint on September 20, 2011. (Doc. 3, Ex's 1, 14.) The amended complaint alleges 11 counts: malicious prosecution, abuse of process, false arrest and imprisonment, defamation, false light/invasion of privacy, intentional infliction of emotional distress, negligent infliction of emotional distress, negligence, negligence per se, aiding and abetting tortious conduct, and racketeering under A.R.S. § 13-2301, *et seq.* (Doc. 3, Ex. 14.) Neither the original nor the amended complaint included a claim under 42 U.S.C. § 1983.

Defendants moved to dismiss on the grounds that the Notice described significantly different claims than those alleged in the complaint. In response, the Plaintiffs argued, successfully, that the purpose of the Notice was only to alert Defendants of facts that could give rise to potential liability under various legal theories. Plaintiff's cited the Notice's discussion of liability under §1983, and stated that they had not abandoned their federal civil rights claims. (*See* Doc. 16, Ex. D at 12, n.4.)

On May 15, 2012, Plaintiffs filed an Initial Disclosure Statement that listed federal claims under 42 U.S.C. § 1983 as one of the "legal theories upon which claims are based." (*Id.*, Ex. F at 8.) Defendants filed their Notice of Removal on May 21, 2012. (Doc. 1.)

Plaintiffs argue that the Notice of Removal was untimely. Alternatively, they contend that the Court lacks subject matter jurisdiction. Because the amended complaint does not present a federal question, the Court will grant the motion to remand.

**Analysis**

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." Removal based on federal question jurisdiction is proper when a claim raises an issue of federal law. *See Merrell Dow Pharmaceuticals Inc. v. Thompson,* 478 U.S. 804, 808 (1986)."[F]ederal jurisdiction exists only when a federal

- 2 -

question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). "When a claim can be supported by alternative and independent theories—one of which is a state law theory and one of which is a federal law theory—federal question jurisdiction does not attach because federal law is not a necessary element of the claim." *Rains v. Criterions Sys., Inc.*, 80 F.3d 339, 346 (9th Cir. 1996) (citing *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 810 (1988)); *see Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for S. California*, 463 U.S. 1, 22 (1983) (holding that federal jurisdiction may exist if "some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims").

There is a "strong presumption" against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). "The party asserting jurisdiction has the burden of proving all jurisdictional facts." *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990). The existence of federal jurisdiction determined by the complaint at the time of removal. *Libhart*, 592 F.2d at 1065.

A defendant must remove the action from state court within 30 days of receiving notice of the filing of the action, or within 30 days after receipt of an "amended pleading, motion, or other paper from which it may be ascertained that the case is one which is or has become removable" 28 U.S.C. § 1446(b).

Plaintiffs argue that the Notice of Removal was untimely under 28 U.S.C. § 1446(b) because Defendants had notice of Plaintiffs' federal claims more than 30 days prior to the filing of their Notice of Removal. According to Plaintiffs, Defendants were made aware of the potential federal claims from the filing of Plaintiffs' Notice of Claim and from Plaintiffs' responses to Defendants' motions to dismiss, which listed 42 U.S.C. § 1983 as one of the

- 3 -

legal theories supporting their claims. Defendants received these papers more than 30 days before they filed their Notice of Removal.

Defendants contend that the Notice of Removal was timely because Plaintiffs' Initial Disclosure Statement, filed May 15, 2012, was "the first clear indicator in this litigation that the Plaintiffs intend to pursue federal claims against Defendants under 42 U.S.C. § 1983." (Doc. 18 at 2.) Plaintiffs counter that the Initial Disclosure Statement contains the same information about potential federal claims as the Notice and responses. Therefore, "[i]f the Disclosure was sufficient to trigger notice of removal, then Plaintiffs' prior Responses and 'other paper' were sufficient to trigger the 30 day limit." (Doc. 16 at 2.) Plaintiffs further argue that "[i]f the prior Responses and 'other paper' were not sufficient to invoke federal jurisdiction, the same words repeated in the Disclosure cannot establish a basis for federal jurisdiction." (*Id.*)

The Court agrees that federal jurisdiction does not exist. The amended complaint contains no federal claims, a point Defendants do not contest. The state law tort claims alleged in the complaint are independent of any federal law theory. *See Rosenblum v. Davis*, No. 1:09-cv-652-OWW-GSA PC, 2009 WL 1014855, at *1 (E.D.Cal. April 15, 2009) ("although Plaintiff could have brought this action under 42 U.S.C. § 1983 for violation of his federal constitutional rights, he did not.") It is not necessary for Plaintiffs to demonstrate that Defendants violated federal law under § 1983 to show they were liable for the state tort claims alleged in the amended complaint. Defendants do not argue otherwise.

Among the legal theories and potential claims listed in the Initial Disclosure Statement and other papers are causes of action under 42 U.S.C. § 1983. However, the fact that Plaintiffs provided notice of § 1983 as a legal theory in papers other than pleadings is not sufficient to establish federal question jurisdiction. *See Mohr v. Murphy Elementary School Dist. 21 of Maricopa County*, No. CV-10-153-PHX-DGC, 2010 WL 653465, at *3 (D.Ariz. February 19, 2010) ("given that the 'the actual causes of actions stated in the

- 4 -

complaint all sound in state law,' any reference to federal issues in an exhibit is wholly insufficient to establish federal question jurisdiction") (citing *Rains*, 80 F.3d at 343)); *LaCount v. Yavapai County*, No. CV-10-8251-PCT-FJM, 2011 WL 380652, *1 (D.Ariz. February 2, 2011) (finding no federal question jurisdiction where complaint did not state an ADA claim although it included factual allegations that could support such a claim); *Loren v. Morgan Stanley*, No. 06-2132 (DRD), 2006 WL 2023180, at *2–3 (D.N.J. July 18, 2006) (finding no federal question jurisdiction where plaintiff removed *Bivens* claim from complaint while including it in a section entitled "Other Contemplated Claims," explaining that the "court does not possess federal question jurisdiction merely because Loren is 'contemplating' its assertion").

In sum, federal jurisdiction does not exist because no question of federal law is necessary to any of the claims set forth in Plaintiffs' amended complaint.

Accordingly,

IT IS ORDERED GRANTING Plaintiff's Motion to Remand (Doc. 16).

IT IS FURTHER ORDERED REMANDING *Randall v. Maricopa County, et al.*, CV-12-1076-PHX-PGR, to the Maricopa County Superior Court.

DATED this 18th day of July, 2012.

Paul G. Rosenblatt
United States District Judge